UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

ADRIAN PETTY,

        Defendant.

22-CR-49-LJV
DECISION & ORDER

---

Before the Court is the government's motion to return this case to the United States District Court for the Western District of Pennsylvania ("WDPA") to allow that court to entertain the government's motion for reconsideration of the court's transfer order.  Docket Item 5.[1]  For the reasons that follow, this Court grants the motion.

## PROCEDURAL HISTORY

On April 27, 2021, a federal grand jury sitting in the WDPA charged the defendant, Adrian Petty, with violating 18 U.S.C. § 2423(a) by transporting a female minor victim from the State of New York to the Commonwealth of Pennsylvania with the intent that the victim engage in prostitution and sexual activity for which a person can be charged with a criminal offense.  See WDPA Case No. 21-cr-188, Docket Item 3.  On January 25, 2022, Petty moved to transfer venue.  WDPA Case No. 21-cr-188, Docket Item 60.  On February 9, 2022, the government responded.  WDPA Case No. 21-cr-188, Docket Item 67.

---

[1] Unless otherwise noted, docket citations are to the Western District of New York docket, Case No. 22-cr-49.

The Honorable J. Nicholas Ranjan, United States District Judge, heard argument on March 3, 2022, and allowed the parties to submit additional briefing. WDPA Case No. 21-cr-188, Docket Item 71. On March 18, 2022, both parties filed supplemental briefs. WDPA Case No. 21-cr-188, Docket Items 74-76.

On Friday, April 1, 2022, Judge Ranjan granted Petty's motion to transfer venue, WDPA Case No. 21-cr-188, Docket Item 77, and on Monday, April 4, the WDPA Clerk's office transferred the case to this Court, Docket Item 1. Later that same day, the government moved to stay the transfer order so that it could file a motion for reconsideration. WDPA Case No. 21-cr-188, Docket Item 80. The next day, Petty opposed the motion. WDPA Case No. 21-cr-188, Docket Item 81.

Judge Ranjan issued a text order denying the motion to stay. WDPA Case No. 21-cr-188, Docket Item 82. More specifically, Judge Ranjan explained:

> On 4/1/2022, the Court issued its order, transferring this case to the W.D.N.Y. [ECF 77]. Also on 4/1/2022, the Clerk of this Court transmitted the transfer order and record to the Clerk of Court of the W.D.N.Y. [ECF 78; ECF 79]. On 4/4/2022 at approximately 4:59 pm, the Court received the government's motion to stay the transfer order [ECF 80]. Upon receipt of the motion and at the direction of this Court, the Clerk of this Court inquired into the status of the transfer. The Clerk of Court of the W.D.N.Y. advised that earlier in the afternoon of 4/4/2022, the W.D.N.Y. opened and docketed its case from the transfer of this action (W.D.N.Y., Case No. 1:22-cr-49-LJV-HKS), thereby making the transfer complete. Based on this procedural posture, the Court finds that it is without jurisdiction at this stage to enter an order staying or reconsidering its transfer order. Jurisdictional effects of transfer, 1A Fed. Proc., L. Ed. § 1:833. While it would ultimately be a matter for the Third Circuit to decide, it also does not appear that a stay of the transfer order here would be necessary for the government to file a petition for a writ of mandamus. *See In re U.S.*, 273 F.3d 380, 384-86 (3d Cir. 2001). In the alternative, the government could also apply to the transferee court to return the case to the original

2

>   jurisdiction.  Reconsideration by transferor court, 1A Fed.
>   Proc., L. Ed. § 1:835.  For these reasons, the motion to stay
>   is denied.

WDPA Case No. 21-cr-188, Docket Item 82.

On April 13, 2022, the government moved this Court to transfer the case back to WDPA.  Docket Item 5.  On April 29, 2022, Petty responded, Docket Item 8, and on May 6, 2022, the government replied, Docket Item 9.  On May 18, 2022, this Court heard oral argument and reserved decision.

## **DISCUSSION**

Federal Rule of Criminal Procedure 21, entitled "Transfer for Trial," states that "[u]pon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice."  Fed.R.Crim.P. 21(b).  Petty argues that this rule precludes retransfer on the government's motion.  For the reasons that follow, this Court disagrees.

It is undisputed that this Court does not have the authority to reconsider the merits of Judge Ranjan's transfer order.  See In re Briscoe, 976 F.2d 1425, 1428 (D.C. Cir. 1992) (explaining that "the propriety of the transferor court's exercise of discretion under Rule 21(b) is not subject to review by the district court to which the case is transferred").  But that is not what the government is asking this Court to do.  The government is merely asking for a retransfer so that *Judge Ranjan* can reconsider his own order—a procedural avenue that Judge Ranjan himself suggested in light of the timing of the transfer.  See WDPA Case No. 21-cr-188, Docket Item 82 (noting that "[i]n the alternative, the government could also apply to the transferee court to return the

3

case to the original jurisdiction"); *see also* Reconsideration by transferor court, 1A Fed. Proc., L. Ed. § 1:835 ("If a transfer is granted but has not yet been effected, the transferor court may reconsider it.  Once the action has been transferred, the transferor court does not have jurisdiction to order the case returned.  Under such circumstances, a party must apply to the transferee court for retransfer if it wants the case returned to the original court." (footnotes omitted)).

Under the unique circumstances of this case, this Court finds that it has the authority to transfer the case back to Judge Ranjan so that he can address the government's motion for reconsideration and that it should exercise its discretion to do just that.

First, this Court is not transferring the case "for [t]rial" under Rule 21; it is transferring the case for the purpose of allowing the original court to reconsider whether it properly granted the defendant's Rule 21(b) motion.  Thus, this Court finds that Rule 21 does not preclude transfer.  *Cf. United States v. Blackwell*, 946 F.2d 1049, 1052 n.1 (4th Cir. 1991) ("[A]lthough not authorized under Rule 21 to transfer criminal proceedings absent a request by the defendant, a district court possesses the inherent authority to retransfer proceedings to the original forum when the reasons for the initial Rule 21(b) transfer no longer exist.").

Nor does such a transfer undermine the purpose of Rule 21(b).  As the 1944 Advisory Committee Notes explain:

> The rule provides for a change of venue only on defendant's motion and does not extend the same right to the prosecution, since the defendant has a constitutional right to a trial in the district where the offense was committed.  Constitution of the United States, Article III, Sec. 2, Par. 3; Amendment VI.  By

>   making a motion for a change of venue, however, the
>   defendant waives this constitutional right.

Transferring the case back to WDPA—the district where the offense was committed—would not run afoul of Petty's constitutional right.

The interests of justice favor retransfer as well. The WDPA Clerk's office effectuated the transfer almost immediately, which left the government with virtually no opportunity to ask the court to reconsider or move for a stay. The transfer order was issued on a Friday, and the transfer was final by the following Monday—the same day that the government moved for a stay. All those circumstances weigh in favor of allowing the WDPA court to consider the motion for reconsideration. *Cf. Emblaze Ltd. v. Apple Inc.*, No. 10 CIV. 5713 PKC, 2011 WL 2419802, at *1 (S.D.N.Y. June 3, 2011) (explaining that "[g]enerally, a decision transferring a case can only be reconsidered or appealed through a writ of mandamus if the petitioner acts 'prior to receipt of the action's papers by the clerk of the transferee court[ ] to file the petition for the writ or a motion in the transferor court to stay the order,'" but "there is an exception to this rule where 'the district court has acted hastily in transferring the case's papers, [such that] a diligent petitioner . . . would be precluded from seeking mandamus'" (quoting *Warrick v. General Electric Co.,* 70 F.3d 736, 739 (2d Cir. 1995))). Indeed, some districts have local rules requiring the Clerk to wait before transferring a case to allow time for a motion to stay. *See id.* ("In this district, Local Rule 83.1 requires the clerk to wait for the expiration of seven days before mailing the original case file to the transferee court.").

What is more, Judge Ranjan explicitly suggested that the government could apply for such relief. WDPA Case No. 21-cr-188, Docket Item 82 ("In the alternative, the government could also apply to the transferee court to return the case to the original

5

jurisdiction."). He was under no obligation to make that suggestion, and he must have made it for a reason. So, reading between the lines, this Court infers that Judge Ranjan wanted the opportunity to address the government's motion for reconsideration.

## CONCLUSION

For all those reasons, the government's motion to retransfer, Docket Item 5, is GRANTED so that Judge Ranjan may address the government's motion for reconsideration. This Court does not mean to, and in fact does not, express any opinion on the merits of the government's motion. The Clerk of Court shall TRANSFER this case back to the Western District of Pennsylvania immediately.

SO ORDERED.

Dated: May 19, 2022
       Buffalo, New York

_____
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE